UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ISMAEL ALMEIDA,**                                      Chapter 7
   Debtor                                  Case No. 08-17047-JNF

~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

      The matter before the Court is the Motion filed by Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2006-W1 and/or its Successors and Assigns ("Deutsche Bank") for Relief from the Automatic Stay (the "Motion"), through which it seeks authority to foreclose a mortgage on property located at 73 Savin Street, Roxbury, Massachusetts (the "property"), which Ismael Almeida (the "Debtor") executed in favor of Argent Mortgage Company, LLC. The holder of a second mortgage on the property, Jacques Dessin ("Dessin"), filed an Objection.

      The Court heard the Motion and the Objection on June 16, 2009 and took the Motion for Relief from Stay under advisement. The issue presented is whether Deutsche Bank National has established a colorable claim to property of the estate. *See* Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 33 (1st Cir. 1994). More specifically, in view of the absence of

1

objection by the Chapter 7 Trustee and the Debtor, as well as the Debtor's stated intention to surrender the property, coupled with payment defaults under the terms of the note and mortgage, which have persisted for approximately seventeen months, as well as the lack of equity in the property and the absence of any prospect of a reorganization, the issue is whether Dessin, by virtue of his challenge to Deutsche Bank's standing, has overcome its colorable claim to seek relief from the automatic stay imposed by 11 U.S.C. § 362(a).

## II. FACTS

The Debtor filed a voluntary Chapter 13 petition on September 19, 2008, listing his address as 325 Freeport St., Boston, Massachusetts. He filed his Schedules of Assets and Liabilities with his petition together with his Statement of Financial Affairs and other required documents. *See* 11 U.S.C. § 521(a). On Schedule A - Real Property, the Debtor listed the property, indicating that it is a four family home, with a current value of $450,000, subject to the secured claims of Citi Residential Lending in the sum of $573,795 and Dessin in the sum of $40,301.60.

The Debtor also filed a Chapter 13 plan with his petition. He later moved to amend his Chapter 13 plan. He did not provide for the secured claim of Citi Residential Lending (or Deutsche Bank) in either plan. In his amended Chapter 13 plan, the Debtor listed total unsecured claims in the sum of $196,767.60, including an unsecured deficiency claim for Citi Residential Lending in the sum of $123,795 and an unsecured claim for Dessin in the sum of $40,301.60.

On March 12, 2009, the Court confirmed the Debtor's Amended Plan, which

provided for monthly payments of $3,432 for 60 months and a 94% dividend to the holders of unsecured claims. Approximately one month after obtaining confirmation of his Chapter 13 plan, however, the Debtor moved to convert his Chapter 13 case to a case under Chapter 7. Dessin objected and also filed a Motion to Dismiss the Debtor's Chapter 13 case. Noting that he was in the process of foreclosing his second mortgage, Dessin argued that the Debtor's failure to make more than one plan payment while in Chapter 13 "strongly indicates bad faith on the part of the debtor," citing, *inter alia,* Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365 (2007).

The Debtor responded to Dessin's pleadings, stating that it was his intention to surrender the property and adding that he desired that "the foreclosure would proceed expeditiously in order to determine the actual unsecured claims arising from anticipated deficiency [sic] for the purpose of identifying the need, if any, to modify the Chapter 13 Plan." Additionally, he explained that an unanticipated illness of a family member required him to dramatically reduce his work hours to provide care, compromising the feasibility of his plan.

On April 20, 2009, the Court granted the Debtor's Motion to Convert, overruled Dessin's Limited Objection, and denied Dessin's Motion to Dismiss. The Debtor subsequently filed his Statement of Intention, indicating that he intended to surrender the property.

On April 24, 2009, following the conversion of the Debtor's case to one under Chapter 7, Deutsche Bank served its Motion for Relief from the Automatic Stay on the

3

Chapter 7 trustee. On May 7, 2009, the Court scheduled a hearing for June 16, 2009 on Deutsche Bank's Motion for Relief from the Automatic Stay. Deutsche Bank filed a certificate of service advising parties in interest, including the Chapter 7 trustee and Dessin, of the date and time of the hearing. Neither the Debtor nor the Chapter 7 trustee filed an objection to the motion.

In anticipation of the hearing, Deutsche Bank filed the following documents:

1) a Supplemental Memorandum of Law in Support of its Motion,

2) the Declaration of Ronaldo Reyes, a Vice President of Deutsche Bank, attached to which were:

> a) portions of the Pooling and Service Agreement ("PSA"), dated January 1, 2006 between Argent Securities, Inc., as Depositor, Ameriquest Mortgage Company as Master Servicer, and Deutsche Bank National Trust Company as Trustee and Custodian of the Debtor's loan,
>
> b) a copy of the original Adjustable Rate Note, executed by the Debtor in favor of Argent Mortgage Company, LLC, dated December 1, 2005, endorsed in blank by Sam Marzouk, President and Gregory F. Hanson, C.F.O. of Argent Mortgage Company, LLC,
>
> c) an Assignment of Mortgage in blank, executed on behalf of Argent Mortgage Co., LLC by "Rayon Matthews - Agent," and
>
> d) Schedule I to the PSA, a redacted Mortgage Loan Schedule,

3) the Declaration of Denise Apicella, an Assistant Secretary at ACC Capital Holdings, Inc., an Assistant Secretary for Argent Mortgage Company, LLC, and one of the custodians of the records of Argent Mortgage Company, LLC attached to which were:

> a) a copy of the Adjustable Rate Note endorsed in blank at an unspecified time by Sam Marzouk, President and Gregory F. Hanson, C.F.O. of Argent Mortgage Company, LLC,

4

> b) a copy of the Mortgage executed by the Debtor on December 1, 2005, which was recorded with the Suffolk County Registry of Deeds,
>
> c) a copy of the Assignment of the Mortgage in blank,
>
> d) a copy of a Limited Power of Attorney granted by Argent Mortgage Company L.L.C. to Citi Residential Lending Inc. as Servicer, dated October 24, 2007, and
>
> e) an undated "Corporation Assignment of Deed of Trust/Mortgage" to Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-1, executed by Tamara Price, Vice President on behalf of Argent Mortgage Company, LLC "By its Attorney In-Fact, Citi Residential Lending, Inc.," which assignment was notarized on February 26, 2008 and was to be effective February 14, 2008, and

4) the Declaration of Gregory N. Blase, an attorney for the movant, attached to which were:

> a) the Declaration of Diane E. Tiberend, Senior Vice President, General Counsel and Secretary of ACC Capital Holdings Corporation, the parent company of Argent Mortgage Company, LLC, Ameriquest Mortgage Company and AMC Mortgage Services, Inc., dated December 5, 2008, together with exhibits, namely
>
>> i) "[a] form of a Mortgage Loan Purchase Agreement ("MLPA") between Ameriquest, as Seller, and ARSI [Argent Securities Inc.], as Purchaser, and
>>
>> ii) a copy of a Limited Power of Attorney granted by Argent Mortgage Company L.L.C. to Citi Residential Lending Inc. as Servicer, dated December 5, 2008.

Ronaldo Reyes declared under oath that he had personal knowledge of Deutsche

Bank's procedures and computer systems relating to the storage of certain documents. He attested to the following:

> In its capacity as Trustee and Custodian under the PSA, and for the benefit of the certificate holders, *Deutsche Bank holds* the following:
>
> (a) An original Adjustable Rate Note . . .
>
> (b) An original Mortgage . . .
>
> (c) An assignment in blank . . .

(emphasis supplied). He further declared that "Deutsche Bank has held the Note, Mortgage and Assignment in Blank since approximately January 2006 when Argent Mortgage delivered same to be held by Deutsche Bank under the PSA."

Denise Apicella declared under oath the following:

> In or around February 2006, Argent Mortgage delivered the Note, Mortgage, Assignment in Blank and other documents to the Custodian for the Argent Securities Inc., Asset Backed Pass Through Certificates, Series 2006-W1 ("Securitization Trust") under the terms of a Pooling and Servicing Agreement, dated as of January 1, 2006 ("PSA"). The Custodian for the Securitization Trust was Deutsche Bank National Trust Company. . . . In addition to being the Custodian under the PSA, Deutsche Bank acts as the Trustee.

Finally, Diane E. Tiberend, attested to the following:

> Argent [Mortgage Company, LLC] functioned as a wholesale loan originator. . . . Prior to 2003, Argent functioned as a division of Ameriquest [Mortgage Company]. In 2003, Argent was separately incorporated and, to formalize the preexisting informal arrangement between Argent and Ameriquest, a written Mortgage Loan Purchase Agreement dated January 2, 2003 was executed by and between Argent, as Seller, and Ameriquest, as Purchaser. . . . In 2005, ACH [ACC Capital Holdings Corporation ("ACH"), the parent company of Argent Mortgage Company, LLC and Ameriquest] was established as a holding company, and Argent, Ameriquest, and AMS [AMC Mortgage Services, Inc.] all became affiliated subsidiaries of ACH at that

time.

***

It has been brought to my attention that, in a separate matter pending before the United States Bankruptcy Court for the District of Massachusetts, the Limited Power of Attorney that Argent conferred on Citi was construed to limit Citi's authority to execute and record, on behalf of Argent, Assignments of Mortgages or Deeds of Trust originally granted to and naming Argent as the Lender and originator of such mortgage loans. Argent has provided a new Limited Power of Attorney to Citi, expressly ratifying all past Assignments of Mortgages or Deeds of Trust executed and recorded by Citi or Argent's behalf.

In contrast to the declarations and exhibits submitted by Deutsche Bank, Dessin produced no evidence in support of his Limited Objection.

In summary, the following chronology pertains to the chain of title to the Mortgage:

| DATE | DOCUMENT | PROVISIONS |
|---|---|---|
| Dec. 1, 2005 | Adjustable Rate Note | Executed by Ismael L. Almeida in favor of Argent Mortgage Company, LLC<br>Endorsed in blank:<br>Pay to the Order of<br>Without Recourse<br>Argent Mortgage Company, LLC<br>By /s/Sam Marzouk, President<br>By /s/ Gregory F. Hanson, C.F.O. |
| Dec. 1, 2005 | Mortgage | |
| Dec. 2, 2005 | Mortgage Assignment | Assignment of Mortgage<br>Argent Mortgage, holder of a real estate mortgage from: Ismael L. Almeida, Individually . . . assigns said mortgage and the Note and claim secured thereby to:<br>_____<br>'LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF'<br>Executed and delivered on 12/02/2005 |

7

                                                    Argent Mortgage Co., LLC
                                                    By: /s/ Rayon Matthews - Agent

| | |
|---|---|
| Feb. 22, 2006 PSA | The Depositor [Argent Securities, Inc.], concurrently with the execution and delivery hereof, does hereby transfer, assign, set over and otherwise convey to the Trustee without recourse for the benefit of the Certificate holders all right, title and interest of the Depositor, including any security interest therein for the benefit of the Depositor, in and to the Mortgage Loans identified on the Mortgage Loan Schedule . . . The Depositor herewith delivers to the Trustee an executed copy of the Mortgage Loan Purchase Agreement . . . . [1] |

---

[1] Section 2.01 of the PSA further provides the following:

In connection with such transfer and assignment, the Depositor does hereby deliver to, and deposit with, the Trustee the following documents or instruments with respect to each Mortgage Loan so transferred and assigned, and the Depositor *shall deliver or cause to be delivered* to the Custodian the following documents or instruments (a "Mortgage File").

    (i) the original Mortgage Note, endorsed in blank, without recourse, . . .;

    (ii) the original Mortgage, with evidence of recording thereon . . .;

    (iii) an original Assignment in blank, without recourse;

    (iv) the original recorded intervening Assignment or Assignments, showing a complete chain of assignment from the originator to the person assigning the Mortgage to the Trustee as contemplated by the immediately preceding clause (iii) or the original unrecorded intervening Assignments;

    (v) the original or copies of each assumption, modification, written assurance or substitution agreement, if any; and

8

| | | |
|---|---|---|
| Oct. 24, 2007 | Limited Power of Attorney | That Argent Mortgage Company L.L.C. . . . hath made and constituted and appointed, and does by these present make, constitute and appoint Citi Residential Lending Inc., ("Servicer") . . . its true and lawful Attorney-in-Fact, with full power and authority to sign, execute, acknowledge, deliver, file for record, and record any instrument on its behalf and to perform such other act or acts as may be customarily and reasonably necessary and appropriate to effectuate the following enumerated transactions in respect of any of the mortgages or deeds of trust . . . and promissory notes secured thereby . . . . The Appointment shall apply only to the following enumerated transactions and nothing herein or in the Agreements shall be construed to the contrary: . . . . |
| Feb. 26, 2008 | Assignment | Corporation Assignment of Deed of Trust Mortgage |

---

(vi) the original lender's title insurance policy . . .

If any of the documents referred to in Section 2.01(ii), (iii) or (iv) above has as of the Closing Date been submitted for recording but either (x) has not been returned from the applicable public recording office or (y) has been lost or such public recording office has retained the original of such document, the obligations of the Depositor to deliver such documents shall be deemed to be satisfied upon (1) delivery to the Trustee, or to the appropriate Custodian on behalf of the Trustee, of a copy of each such document certified by the Originator in the case of (x) above or the applicable public recording office in the case of (y) above to be a true and complete copy of the original that was submitted for recording and (2) if such copy is certified by the Originator, delivery to the Trustee, or to the appropriate Custodian on behalf of the Trustee, promptly upon receipt thereof of either the original or a copy of such document certified by the applicable public recording office to be a true and complete copy of the original. . . .

| | |
|---|---|
| | FOR VALUE RECEIVED, Argent Mortgage Company, LLC, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND TRANSFERS* TO: Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W1 . . .<br>ALL BENEFICIAL INTEREST UNDER THAT CERTAIN MORTGAGE DATED December 1, 2005 EXECUTED BY : Ismael L. Almeida . . .<br>*The effective date of this assignment is February 14, 2008<br>DATED: _____  Argent Mortgage Company, LLC<br>By its Attorney In-Fact, Citi Residential Lending, Inc.<br>BY: /s/ Tamara Price, Vice President[2] |
| Dec. 5, 2008   Limited Power of Attorney | Same language as above, except as set forth below |

The Limited Powers of Attorney are identical in all material respects, except for section 8(f) and the first paragraph of section 11. The Limited Powers of Attorney permitted Citi Residential Lending Inc. to perform eleven separate actions with respect to mortgage loans. The actions enumerated in paragraph 8 are the only ones pertinent to the instant dispute. The following table sets forth a comparison of the relevant language with emphasis added to the December 5, 2008 Limited Power of Attorney to highlight the difference.

---

[2] The Assignment was notarized on February 26, 2008.

| Oct. 24, 2007 Limited Power of Attorney | Dec. 5, 2008 Limited Power of Attorney |
|---|---|
| The Appointment shall apply only to the following enumerated transactions and nothing herein or in the Agreements shall be construed to the contrary: . . .<br>8. With respect to a Mortgage or Deed of Trust, the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or rescission of any such foreclosure, including, without limitation, any and all of the following acts:<br>a. the substitution of Trustee or Beneficiary(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;<br>b. the preparation and issuance of statements of breach or non-performance;<br>c. the preparation and filing of notices of default and/or notices of sale;<br>d. the cancellation/rescission of notices of default and/or notices of sale;<br>e. the taking of deed in lieu of foreclosure; and<br>f. the preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraph 8.a through 8.e above. | The Appointment shall apply only to the following enumerated transactions and nothing herein or in the Agreements shall be construed to the contrary: . . .<br>8. With respect to a Mortgage or Deed of Trust, the foreclosure, the taking of a deed in lieu of foreclosure, or the completion of judicial or non-judicial foreclosure or termination, cancellation or rescission of any such foreclosure, including, without limitation, any and all of the following acts:<br>a. the substitution of Trustee or Beneficiary(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;<br>b. the preparation and issuance of statements of breach or non-performance;<br>c. the preparation and filing of notices of default and/or notices of sale;<br>d. the cancellation/rescission of notices of default and/or notices of sale;<br>e. the taking of deed in lieu of foreclosure; and<br>f. the preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Mortgage, Deed of Trust or state law to expeditiously complete said transactions in paragraph 8, *inclusive of paragraphs* 8.a through 8.e above, *including,* **without limitation,** *executing assignments of mortgage, conducting foreclosure proceedings, filing proofs of claim and seeking relief from the automatic stay in bankruptcy, obtaining deficiency judgments, and taking any and all acts necessary or appropriate to collect on Mortgage Notes or enforce and realize upon Mortgages and Deeds of Trust*. |

Moreover, Argent Mortgage Company, LLC, through the December 5, 2008 Limited Power of Attorney, expressly ratified "any and all actions heretofore taken by Servicer within the scope of the power or powers granted by or under this Limited Power of Attorney from and after September 1, 2007."

## III. DISCUSSION

There is no dispute as to the value of the Debtor's property and that it is unnecessary to an effective reorganization (i.e., that "the property is essential for an effective reorganization that is in prospect"). See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 364, 376 (1988). Moreover, there is no dispute that "cause" exists for relief from the automatic stay in view of the Debtor's history of payment defaults. The only issue raised by Dessin involves Deutsche Bank's standing to seek relief from the automatic stay.

In In re Hayes, 393 B.R. 259, 266-67 (Bankr. D. Mass. 2008), this Court stated:

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Hence, "a defect in standing cannot be waived; it must be raised, either by the parties or by the court, whenever it becomes apparent." U.S. v. AVX Corp., 962 F.2d 108, 116 n. 7 (1st Cir.1992).

The inquiry into standing "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Warth, 422 U.S. at 498, 95 S.Ct. 2197, 45 L.Ed.2d 343. "In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." Id. Apart from this minimum constitutional mandate, the Supreme Court recognizes other limits ". . . on the class of persons who may invoke the courts' decisional remedial powers." Id. at 499, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343. These prudential limitations are self-imposed rules of judicial restraint:

> These considerations, which militate against standing, principally concern whether the litigant (1) asserts the rights and interests of a third party and not his or her own, (2) presents a claim arguably falling outside the zone of interests protected by the specific law invoked, or (3) advances abstract questions of wide public significance essentially amounting to generalized grievances more appropriately addressed to the representative branches.

In re Hayes, 393 B.R. at 266-67 (citing In re Newcare Health Corp., 244 B.R. 167 (B.A.P. 1st Cir. 2000), and In re Shamus Holdings, LLC, No. 08-1030-JNF, 2008 WL 3191315 (Bankr. D. Mass. Aug. 6, 2008)).

Deutsche Bank contends that it is the actual holder of the Mortgage, whether as a result of the Assignment in Blank by Argent Mortgage and delivery of the Mortgage to Deutsche Bank in 2006 or the Assignments of Mortgage executed by Citi Residential pursuant to the Limited Powers of Attorney. It added:

> In short, the entity that originated the Almeida Loan, Argent Mortgage, transferred all of its rights to the Loan to Deutsche Bank, thereby making Deutsche Bank, as Trustee the current holder of the Mortgage and the proper entity to seek relief from the automatic stay.

Dessin argues that Deutsche Bank has failed to establish that it is the "lawful owner" of the Note and Mortgage. He intimates that Deutsche Bank did not establish that the Note was properly negotiated in accordance with Article 3 of the Uniform Commercial Code, rejecting the declaration of Apicella and suggesting that Deutsche Bank should have submitted the affidavits of Sam Marzouk and Gregory Hanson, who endorsed the Note in blank. Dessin suggests that the note was endorsed after Deutsche Bank filed its proof of claim on January 7, 2009 because the copy of the note attached to the proof of claim had no

endorsement.

With respect to the Assignment of the Mortgage, Dessin maintains that in order for the Almeida loan to be part of the mortgage pool governed by the PSA, "it must <u>first</u> be owned by the Depositor, Argent [Securities, Inc.], by acquisition from the originator, whomever that may be." He further maintains that the PSA required the originator [Argent Mortgage Company, LLC] to assign the mortgage to the Depositor [Argent Securities, Inc. or "ARSI"] and then for the Depositor to assign the Mortgage to the Trustee, rejecting the assertion made by Deutsche Bank that Argent Securities, Inc. caused the Mortgage to delivered to Deutsche Bank.  *See* the language utilized in the PSA at note 1 *supra*. Rejecting Deutsche Bank's reliance on the existing sequence, namely the direct assignment by Argent Mortgage Company, LLC to Deutsche Bank, he states that "[t]here was no proof of that fact [the assignment of the Mortgage to Argent Securities, Inc.] whatsoever," and in addition to that

> [t]o the extent that the Reyes affidavit or the Apicella declaration purport to prove it, the effort fails because they are not officers of Argent Securities and their testimony is inadmissible hearsay. In fact, there is no affidavit from any officer of Argent Securities, or any proof that Argent Securities ever had possession of the note and mortgage.

Recognizing Deutsche Bank's representation that it has had possession of the Note and Mortgage since February 2006, as well as the existence of the February 2008 of Assignment of Mortgage by Argent Mortgage Company, LLC, through its Attorney in Fact, Citi Residential Lending, Inc., to Deutsche Bank executed by Tamara Price pursuant to the Limited Power of Attorney notarized on February 26, 2008, Dessin states that "mere

14

possession of a mortgage does not grant the possessor any rights under the mortgage, such as the right to foreclose it." He also states the "[p]recisely when Deutsche Bank became the owner of the mortgage appears to be a disputed material fact, requiring an evidentiary hearing." Citing Agin v. Mortgage Electronic Registration Sys., Inc. (In re Giroux), No. 08-1261, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009), Dessin concludes:

> [T]he assignments from Argent Mortgage LLC to Deutsche Bank are not valid. This does not mean that Argent Mortgage is still the mortgagee. Since it is necessary for the trust (or the trustee) to pay valid consideration for the mortgage in order for the transaction to be a bankruptcy-remote "true sale", . . . it must be presumed (absent evidence to the contrary) that Deutsche Bank *did* pay consideration, and thus Argent no longer has any enforceable legal interest in the note and mortgage. The result is that Deutsche Bank's title to the mortgage is defective and it cannot enforce the rights granted by the mortgage.

The Court finds its decision in Giroux, is inapposite as it involved the consequences of a defective acknowledgment of a mortgage. Moreover, Dessin's arguments were considered and rejected by the bankruptcy court in In re Samuels, No 06-11656-FJB, 2009 WL 2032121 (Bankr. D. Mass. July 6, 2009),[3] a case in which the debtor objected to a proof of claim filed by AMC Mortgage Services, Inc. as loan servicer for Argent Mortgage Company, LLC.

With respect to the Note, Dessin submitted no evidence to contradict the declaration of Ronaldo Reyes that Deutsche Bank has had possession of the Note since approximately January of 2006. Although the copy of the Note attached to the proof of claim filed in the

---

[3] This Court notes that no appeal has been filed with respect to the decision granting the Motion for Summary Judgment filed by Deutsche Bank with respect to the proof of claim, which decision overruled the debtor's objection to the claim.

15

Debtor's Chapter 13 case, prior to its conversion to Chapter 7, was not endorsed in blank, the copy of the Note attached to Reyes's declaration was so endorsed. According to the court in Samuels:

> When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." G.L. c. 106, § 3-205(b). By virtue of its possession of a note indorsed in blank, Deutsche Bank is the holder of the note and as such has standing in this case to seek payment thereof. G.L. c. 106, § 3-301 ("Person entitled to enforce" an instrument includes the holder of the instrument."); First National Bank of Cape Cod v. North Adams Hoosac Savings Bank, 7 Mass.App.Ct. 790, 797 (1979) ("As the holder of the note, [plaintiff] also would be entitled to all payments to be made by the mortgagors on the note.").

Id. at *10.

With respect to the validity of the Assignment from Argent Mortgage Company, LLC to Deutsche Bank notarized on February 26, 2008, which Assignment was made through Citi Residential Lending pursuant to the Limited Power of Attorney dated October 24, 2007, the Samuels court considered the effect of the ratification contained in the subsequent Limited Power of Attorney dated December 5, 2008. It stated:

> The 2008 LPA expressly conferred on Citi Residential the power to execute and record the assignment of any mortgage and the related mortgage note, which powers, I conclude, include the power to execute the Confirmatory Assignment. By its ratification through the 2008 LPA of actions undertaken before it was issued, Argent remedied any lack of authority that may have existed when Citi Residential executed the Confirmatory Assignment.

Id. at 11 (citing Linkage Corp. v. Trustees of Boston University, 425 Mass. 1, at 18 (1997) ("Where an agent lacks actual authority to agree on behalf of his principal, the principal may still be bound if the principal acquiesces in the agent's action[.]")).

16

Finally, the court in Samuels addressed the arguments made by Dessin with respect to the invalidity of the Mortgage Assignments because there was no intermediate assignment of the Mortgage to Argent Securities, Inc. The court stated:

> A failure to follow this protocol-such as by direct assignment of the mortgage from the loan originator to the pool trustee, bypassing the depositor-would, the Debtor contends, constitute a breach of the PSA, a breach of fiduciary obligations under the PSA to investors, a breach of federal regulations, and an act giving rise to unfavorable tax consequences for the investors. The Debtor argues that because the Confirmatory Assignment is a direct assignment from Argent to Deutsche Bank that bypasses the depositor, it must be invalid. This argument falls far short of its goal. Even if this direct assignment were somehow violative of the PSA, giving rise to unfavorable tax, regulatory, contractual, and tort consequences, neither the PSA nor those consequences would render the assignment itself invalid. In fact, under the Debtor's own argument, the unfavorable consequences could and would arise only if, and precisely because, the assignment were valid and effective.

Id. at *12.[4]

This Court does not disagree with the reasoning and conclusions reached by the court in Samuels. As in Samuels, the Court concludes that the December 5, 2008 Limited Power of Attorney authorized and ratified Citi Financial Residential Lending, Inc. to executed Assignments. Thus, the Assignment dated February 26, 2008 from Argent Mortgage Company, LLC to Deutsche Bank was sufficient to confer standing on Deutsche Bank to seek relief from the automatic stay.

---

[4] The Court notes that Dessin is not a third party beneficiary of the PSA, and, ironically, he would appear to lack standing to object to any breaches of the terms of the PSA. It would appear to this Court that the investors who bought securities based upon the pooled mortgages would be the parties with standing to object to any defects in those mortgages resulting from any failure to abide by the express provisions of the PSA.

B. <u>Deutsche Bank's Motion for Relief from the Automatic Stay</u>

Because neither the Debtor nor the Chapter 7 trustee contested the facts as represented in Deutsche Bank's Motion for Relief from Stay and Dessin's only challenge to allowance of the Motion was Deutsche Bank's standing, the Court finds that Deutsche Bank has advanced a colorable claim to relief under the standard articulated by the Court in <u>Grella v. Salem Five Cent Sav. Bank</u>, 42 F.3d 26, 33 (1st Cir. 1994). Deutsche Bank has established not only "cause" for relief from the automatic stay, but the absence of equity in the property, which is unnecessary for an effective reorganization where the Debtor is a Chapter 7 debtor who has elected to surrender the property.

Without filing a complaint as required by Fed. R. Bankr. P. 7001(2), Dessin seeks to avoid the mortgage granted by the Debtor to Argent Mortgage Company, LLC based upon the arguments summarized above which implicate the trustee's avoidance powers. The Trustee, however, has neither elected to contest the merits of the Motion for Relief from the Automatic Stay nor to exercise his strong arm powers under 11 U.S.C. §§ 544. Although the trustee has not formally abandoned the property and there is no evidence that the Debtor effectuated his intention to surrender the property by providing Deutsche Bank with, for example, a deed in lieu of foreclosure, the conclusion is inescapable that the Chapter 7 trustee does not believe that pursuit of any type of avoidance action is meritorious or would yield any benefit to the bankruptcy estate. Moreover, it likely that Dessin would not have derivative standing to attempt to avoid the mortgage, *see generally*, <u>In re Cooper,</u> 405 B.R. 801 (Bankr. N.D. Tex. 2009). Assuming that this Court were to

18

espouse the view that derivative standing is permissible in Chapter 7 under extraordinary circumstances, it is abundantly clear that this is not such a case as neither the trustee nor Dessin has sought approval of such an arrangement.

## IV. CONCLUSION

Upon consideration of the foregoing, the Court shall enter an order granting Deutsche Bank relief from the automatic stay. Having determined that relief from stay is warranted, the Court's allowance of the Motion shall be without prejudice to the assertion of any and all claims Dessin may assert against Deutsche Bank in the appropriate state court forum.

By the Court,

*[signature: Joan N. Feeney]*

_____
Joan N. Feeney
United States Bankruptcy Judge

Dated: July 24, 2009
cc: Gregory N. Blase, Esq., Charles A. Dale, III, Esq., David G. Baker, Esq., Harold B. Murphy, Esq., Kathleen Cruickshank, Esq.